## No. 336

## First Circuit

## GOODMAN & MACKIE v. FAITHORN

(December 4, 1928. Rehearing Refused.)
(November 10, 1928. Opinion and Decree.)

E. S. Muse, of St. Francisville, attorney for plaintiffs, appellants.

Joseph L. Golson, of St. Francisville, attorney for defendant, appellee.

LECHE, J. Plaintiffs are architects and they sue defendant for three hundred sixty dollars, for a commission which they allege themselves entitled to, under a contract with the defendant.

The defense in substance, is that defendant's wife, Mrs. Faithorn, entered into a written contract with the plaintiffs, to draw up a plan with specifications of a country home which she intended to build with her own separate funds and that she paid plaintiffs the sum of thirty dollars in advance. That no plan was ever agreed to or approved by her, that she subsequently abandoned the idea of erecting such building and that in any event, defendant had nothing to do with such contract and negotiation and is in no manner liable to plaintiffs for the claim upon which they brought the present suit.

Defendant further represents and he testifies that at the time the alleged contract is said to have been entered into, he was suffering from an affection of the eyes and was in St. Louis, Missouri, and in Oklahoma. That he was aware that his wife wished to build a home with the proceeds of a legacy which she was to receive from the succession of a deceased relative. That he discussed the

matter with her and on his return, once had an interview with one of the plaintiffs in the City of Baton Rouge with regard to certain specifications in the plan of the building. That he acted as an adviser to his wife, but never by promise or otherwise, bound himself in favor of plaintiffs.

The District Court dismissed plaintiffs' demand and they have appealed.

Mrs. Faithorn says as a witness, that there was a written contract signed by her and Miss Faithorn, her daughter, testifies to the same effect. Mackie, one of the plaintiffs, who negotiated the business, positively denies that there ever was a written contract. Mrs. Faithorn, of course, is not a party to this suit. She says that no copy or duplicate of the contract was handed to her, that she saw the tentative plan, but never accepted the same. She further says that she had intended to invest $5500.00 in a home, and no more.

Plaintiffs' demand is for the value of the plan and specifications which they drew up, and for a commission of 6 per cent on the estimated cost of the building. They have offered and filed in evidence several letters written by Mrs. Faithorn and her daughter, to themselves, in which may be found expressions indicating that the writers were acting at the behest and on behalf of defendant. But these expressions may be explained without implying any liability on the part of defendant towards plaintiffs.

The evidence is very conflicting and leaves the mind almost bewildered as to what in reality, are the facts. One thing is certain and that is, that appellants have not made a showing in this Court, to justify us in destroying the presumption of correctness which attaches to a judgment on appeal, where only questions of fact are involved. The trial Judge thought that plaintiffs had failed to prove their claim by a preponderance of evidence and we agree with him.

The judgment appealed from is affirmed.